Hassan A. Zavareei (SBN 181547)
Kristen G. Simplicio (SBN 263291)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
ksimplicio@tzlegal.com

James L. Kauffman (*pro hac vice*)
BAILEY GLASSER LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, D.C. 20007
202-463-2101 (p)
202-463-2103 (f)
jkauffman@baileyglasser.com

Counsel for Plaintiff
*[Additional counsel in signature block]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHITSAMAY FERNANDEZ, *on behalf of herself and* all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RUSHMORE LOAN MANAGEMENT SERVICES LLC, <br><br> Defendant. | Case No. 8:21-cv-00621-DOC-(KESx) <br><br> **PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS** <br><br> Date: TBD <br> Time: TBD <br> Courtroom: 9D <br> Judge: Hon. David O. Carter <br><br> Date Filed: September 24, 2021 <br> Trial Date: None set |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that as soon thereafter as this matter may be heard, in Courtroom 9D, before the Honorable David O. Carter, Plaintiff will and hereby does respectfully move this court to preliminarily approve the Settlement reached in this case, the terms of which are more specifically described in the Memorandum and Points of Authority filed in support of this Motion.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Settlement Agreement, the Declaration of Hassan A. Zavareei and exhibits thereto, the pleadings and papers on file in this Action, and any other such evidence and argument as the Court may consider. Plaintiff is informed that Defendant Rushmore Loan Servicing LLC supports this motion and intends to submit a separate joinder to express its views on why the Settlement should be preliminarily approved.

Dated: September 24, 2021

Respectfully submitted,

/s/ Hassan A. Zavareei
Hassan A. Zavareei (SBN 181547)
Kristen G. Simplicio (SBN 263291)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
ksimplicio@tzlegal.com

Annick M. Persinger (SBN 272996)
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510-254-6808 (p)
202-973-0950 (f)
apersinger@tzlegal.com

James L. Kauffman (*pro hac vice*)
BAILEY GLASSER LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, D.C. 20007
202-463-2101 (p)
202-463-2103 (j)
jkauffman@baileyglasser.com

Counsel for Plaintiff

Hassan A. Zavareei (SBN 181547)
Kristen G. Simplicio (SBN 263291)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
ksimplicio@tzlegal.com

James L. Kauffman (*pro hac vice*)
BAILEY GLASSER LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, D.C. 20007
202-463-2101 (p)
202-463-2103 (f)
jkauffman@baileyglasser.com

Counsel for Plaintiff
[*Additional counsel in signature block*]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHITSAMAY FERNANDEZ, *on behalf of herself and* all others similarly situated, <br><br>     Plaintiff, <br><br> v. <br><br> RUSHMORE LOAN MANAGEMENT SERVICES LLC, <br><br>     Defendant. | Case No. 8:21-cv-00621-DOC-(KESx) <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS** <br><br> Date: TBD <br> Time: TBD <br> Courtroom: 9D <br> Judge: Hon. David O. Carter <br><br> Date Filed: September 24, 2021 <br> Trial Date: None set |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 1

III.  THE SETTLEMENT AGREEMENT ................................................................ 2

      A.   The Proposed Class ................................................................................. 2

      B.   Benefits to the Settlement Class ............................................................. 3

      C.   Settlement Administrator and Administration Costs .............................. 4

      D.   Class Member Release ............................................................................ 4

      E.   Proposed Plan of Notice ......................................................................... 4

      F.   Opt-Outs and Objections ........................................................................ 6

      G.   Attorneys' Fees and Costs and Service Award ....................................... 7

IV.   LEGAL STANDARD FOR PRELIMINARY APPROVAL ............................. 8

V.    ARGUMENT ..................................................................................................... 9

      A.   The Settlement Agreement warrants preliminary approval .................... 9

           1.    The Settlement is the product of good-faith, informed, arms' length negotiations. ............................................................... 10

           2.    The Settlement is fair, adequate, and reasonable. ..................... 12

      B.   Certification of the Settlement Class is appropriate. ........................... 16

           1.    The Settlement Class Meets the Requirements of Rule 23(a) ............... 16

           2.    The Settlement Class satisfies the requirements of Rule 23(b)(3). ........ 18

      C.   The Court should approve the proposed notice plan. ........................... 19

           1.    The proposed notice plan is adequate and warrants preliminary approval. ..................................................................... 19

VI.   CONCLUSION ................................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adams v. Inter-Con Sec. Sys. Inc.,*
    No. C-06-05248-MHP, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007)..............................................10

*Avina v. Marriott Vacations Worldwide Corp.,*
    No. SACV 18-685 JVS, 2019 WL 8163642 (C.D. Cal. Oct. 25, 2019)..........................................8, 9

*Behfarin v. Pruco Life Ins. Co.,*
    No. CV 17-5290-MWF-FFMx, 2019 WL 7188575 (C.D. Cal. Nov. 26, 2019) ................................8

*Bias v. Wells Fargo & Co.,*
    312 F.R.D. 528 (N.D. Cal. 2015) ..................................................................................................18

*In re Bluetooth Headset Products Liab. Litig.,*
    654 F.3d 935 (9th Cir. 2011)..........................................................................................................9

*Calderon v. Wolf Firm,*
    No. SACV 16-1622-JLS(KESx), 2018 WL 6843723 (C.D. Cal. Mar. 13, 2018) ........................15

*Celano v. Marriott Int'l Inc.,*
    242 F.R.D. 544 (N.D. Cal. 2007) ..................................................................................................17

*Chester v. TJX Cos.,*
    No. 5:15-cv-01437-ODW(DTB), 2017 WL 6205788 (C.D. Cal. Dec. 5, 2017) ..................... 13, 15

*Churchill Vill., L.L.C. v. Gen. Elec.,*
    361 F.3d 566 (9th Cir.2004)..........................................................................................................9

*Cohorst v. BRE Props.,*
    No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923 (S.D. Cal. Nov. 14, 2011) ...............................10

*Dennis v. Kellogg Co.,*
    No. 09-cv-1786-L(WMc), 2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) .......................................13

*Eisen v. Carlisle and Jacquelin,*
    417 U.S. 156 (1974)......................................................................................................................19

*Ellis v. Costco Wholesale Corp.,*
    657 F.3d 970 (9th Cir. 2011)........................................................................................................18

*Felix v. WM. Bolthouse Farms, Inc.,*
    No. 1:19-cv-00312-AWI-JLT, 2020 WL 2175352 (E.D. Cal. May 4, 2020)...................................17

*Garcia v. Nationstar Mortgage, LLC,*
    No. 2:15-cv-1808 (W.D. Wash.) ................................................................................ 14

*Gonzalez-Tzita v. City of Los Angeles,*
    No. 16-cv-0194 FMO (Ex), 2019 WL 7790440 (C.D. Cal. Dec. 9, 2019) .................... 17

*Gooding v. Vita-Mix Corp.,*
    No. 2:16-cv-03898-ODW(JEMx), 2017 WL 3013406 (C.D. Cal. July 14, 2017) .......... 15

*Grimm v. American Eagle Airlines, Inc.,*
    No. LA CV 11-00406 JAK(MANx), 2014 WL 127436 (C.D. Cal. Sept. 24, 2014) ........ 14

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ....................................................................... 9, 12, 18

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir. 1992) ....................................................................................... 18

*Hillman v. Lexicon Consulting, Inc.,*
    No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869 (C.D. Cal. Apr. 27, 2017) ........ 16

*Knutson v. Schwan's Home Service, Inc.,*
    No. 3:12-cv-00964-GPC-DHB, 2014 WL 3519064 (S.D. Cal. July 14, 2014) .............. 21

*Lane v. Facebook, Inc.,*
    696 F. 3d 811 (9th Cir. 2012) ..................................................................................... 21

*Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc.,*
    244 F.3d 1152 (9th Cir. 2001) ..................................................................................... 19

*Longest v. Green Tree Servicing LLC,*
    308 F.R.D. 310 (C.D. Cal. 2015) ................................................................................. 19

*McWhorter v. Ocwen Loan Servicing, LLC,*
    No. 2:15-cv-1831 (N.D. Ala.) ....................................................................................... 14

*Morris v. Lifescan, Inc.,*
    54 F. App'x 663 (9th Cir. 2003) ................................................................................... 15

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.,*
    221 F.R.D. 523 (C.D. Cal. 2004) ................................................................................. 16

*In re Pac. Enters. Sec. Litig.,*
    47 F.3d 373 (9th Cir. 1995) ......................................................................................... 15

*Paz v. AG Adriano Goldschmeid, Inc.,*
    No. 14CV1372DMS(DHB), 2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) .................. 14

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797 (1985) .................................................................................................. 19

*Phillips v. Caliber Home Loans,*
    No. 19-cv-02711-WMW-LIB (D. Minn.) .................................................................. 14

*Rannis v. Recchia,*
    380 Fed. App'x 646 (9th Cir. 2010) ........................................................................ 17

*Reyes v. Experian Information Solutions, Inc.,*
    No. SACV 16-00563 AG, 2020 WL 466638 (C.D. Cal. Jan. 27, 2020) ...................... 8

*Rosenburg v. I.B.M.,*
    No. CV06–00430PJH, 2007 WL 128232 (N.D. Cal. Jan. 11, 2007) .......................... 19

*Russell v. Kohl's Dep't Stores, Inc.,*
    755 Fed. App'x 605 (9th Cir. 2018) ........................................................................ 12

*Sarabri v. Weltman, Weinberg & Reis Co., L.P.A,*
    No. 10cv1777 AJB (NLS), 2012 WL 3809123 (S.D. Cal. Sept. 4, 2012) .................. 21

*Simpao v. Gov't of Guam,*
    369 Fed. Appx. 837 (9th Cir. 2010) ........................................................................ 20

*Tyson Foods, Inc. v. Bouaphakeo,*
    136 S. Ct. 1036 (2016) ............................................................................................ 19

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ................................................................................................ 17

*Wolin v. Jaguar Land Rover N. Am., LLC,*
    617 F.3d 1168 (9th Cir. 2010) ........................................................................ 17, 19


**Other State Cases**

*Montesi et al. v. Seterus Inc.,*
    No. 2015CA010901 (Palm Beach County, FL) ......................................................... 15


**Rules**

FED. R. CIV. P. 23 .......................................................................................................... 8, 19

FED. R. CIV. P. 23(A) ........................................................................................................ 16

FED. R. CIV. P. 23(A)(3) .................................................................................................... 17

FED. R. CIV. P. 23(A)(4) ..................................................................................... 18

FED. R. CIV. P. 23(B)(3) .................................................................................. 18, 19

FED. R. CIV. P. 23(C)(2)(B) ................................................................................ 19

FED. R. CIV. P. 23(E) .................................................................................. 8, 9, 21

FED. R. CIV. P. 23(E)(1) ................................................................................. 8, 16

FED. R. CIV. P. 23(E)(2) ....................................................................................... 8

FED. R. CIV. P. 23(E)(3) ....................................................................................... 9

**Other Authorities**

*Newberg on Class Actions* (4th ed. 2007) ......................................................... 10

7A Wright & Miller, FEDERAL PRACTICE & PROCEDURE (3d ed. 2008) .................. 19

## I.    INTRODUCTION

Plaintiff Phitsamay Fernandez, individually and on behalf of the proposed Settlement Class,[1] seeks preliminary approval of a proposed Settlement of claims against defendant Rushmore Loan Management Services LLC ("Rushmore"). The Settlement Agreement, if approved, will provide for a $1,645,840.00 common fund and will resolve the claims of Ms. Fernandez and the Class Members deriving from Rushmore's practice of charging fees for making mortgage payments over the phone ("Convenience Fees"). Additionally, the Settlement Agreement provides Class Members with valuable injunctive relief, as Rushmore has agreed not to charge Convenience Fees for a period of two years after Final Approval.

The proposed Settlement of this action is the product of extensive arms-length negotiations by experienced and informed counsel and warrants preliminary approval, as the terms are fair, reasonable, and adequate. Accordingly, Ms. Fernandez requests that the Court (1) preliminarily approve the proposed Settlement, (2) certify the Settlement Class for settlement purposes only, (3) appoint Ms. Fernandez as Class Representative, (4) appoint Ms. Fernandez's counsel as Class Counsel, (5) order that Class Notice be distributed to the Settlement Class, and (6) schedule a Final Approval Hearing.

Rushmore does not oppose the relief sought in this Motion.

## II.    BACKGROUND

Plaintiff Phitsamay Fernandez commenced this putative class action on January 30, 2020 by filing a complaint in the Superior Court of California for the County of Orange, which was removed to this Court. Doc. #1. The complaint alleged that Rushmore charged borrowers an unlawful and excessive $5.00 fee to pay using Rushmore's Automated Phone Payments System, or a $10.00 fee to pay their mortgage payments by speaking with a

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the parties' Settlement Agreement, attached as Exhibit 1 to the Declaration of Hassan A. Zavareei ("Zavareei Decl.").

Rushmore customer service representative by telephone. Ms. Fernandez alleged that these Convenience fees violated the FDCPA and the Rosenthal Act, and breached the borrowers' agreements, because the fees were not expressly authorized by the mortgage or permitted by law, and the fees represented Rushmore's fees for collecting payments. Doc. # 1, Compl. Ex. A at ¶¶ 10-16.

In February 2021, after lengthy discussions, the Parties agreed to engage in mediation with the assistance Jill R. Sperber, Esq. an experienced class action mediator with Judicate West, to explore whether a negotiated resolution was possible. The Parties exchanged mediation memoranda and Rushmore provided necessary class data to Plaintiff's counsel. Both sides made presentations to the mediator and all attendees. On February 16, 2021, the parties attended mediation by teleconference. After a full day of hard-fought negotiations, the Parties did not reach an agreement, but made significant progress towards resolution.

With the assistance of Ms. Sperber, the parties continued to negotiate by phone and email. The Parties' counsel exchanged additional materials and class data in June 2021 and conducted several weeks of telephonic settlement negotiations. After these additional weeks of settlement negotiations, the parties reached a settlement in principal, and promptly notified the Court of the settlement reached on July 20, 2021. Over the following two months, the parties spent significant time documenting and negotiating over the specific terms and language of the settlement agreement. The onset of the COVID-19 pandemic in the United States posed additional special challenges to obtaining approval of the settlement terms from the Parties. On September 22, 2021, the Parties executed the Settlement Agreement before the Court for preliminary approval.

## III.    THE SETTLEMENT AGREEMENT

### A.    The Proposed Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only: *All borrowers with a mortgage loan serviced by Rushmore from*

*whom Rushmore collected a Convenience Fee during the Class Period.* Zavareei Decl. Ex. 1 at § 6.1. The Class Period is defined as January 1, 2013, through September 19, 2021. *Id.* at § 1.7.

### B.    Benefits to the Settlement Class

The Settlement Agreement provides for a Settlement Fund of $1,645,840, from which all (a) payments to Settlement Class Members, (b) Notice and Administrative Costs, (c) any Service Award to Ms. Fernandez, and (d) any award of Attorneys' Fees and Expenses shall be paid. *See* Zavareei Decl. Ex. 1 at §§ 1.29, 3.1-3.2. After payment of costs of administration and notice and any fees, expenses, and service award authorized by the Court, the Net Settlement Fund will be distributed to Class Members *pro rata* by paper check or digital payment methods (Venmo, PayPal, or Zelle), at the election of each class member. *Id.* at §§ 5.1-5.8.

Rushmore will provide the Settlement Administrator with a Settlement Class List that includes the names and last known mailing addresses of the Class Members. *Id.* at §§ 1.27, 6.3.1. In the Class Notice, Class Members will be notified of the Settlement Website and the option to select a digital payment method.  If no digital payment method is selected, the Class Member will receive any payment by mail in the form of a paper check. Each Class Member who paid at least one Convenience Fee during the Class Period that was not refunded shall be entitled to receive a *pro rata* share of the Net Settlement Fund. *Id.* § 5.3. For each loan on which a Class Member has paid Convenience Fees, the Settlement Administrator shall allocate the amount of the Net Settlement Fund that represents the proportional amount of Convenience Fees charged by Rushmore within the Class Period on that loan. *Id.* In the event that there is more than one borrower indebted on a loan served by Rushmore and either one of those borrowers is a Class Member, the first co-borrower to make an election of a payment method will control and be binding on all other borrowers on the loan. *Id.* § 5.4. Digital payment elections shall be paid to the digital account identified by the Class Member through the Settlement Website and shall constitute payment jointly to all borrowers. *Id.* § 5.8. Paper check elections shall be made payable

jointly to all borrowers. *Id.* § 5.8.1. Prior to mailing checks, the Settlement Administrator shall attempt to update the last known address of the Class Member through the National Change of Address database. *Id.* § 6.3.2. Any checks that are not cashed within 90 days shall be voided and the money returned to the Settlement Fund. *Id.* § 5.8.1.

In the event that there are any funds remaining in the Settlement Fund following the distribution of checks to Settlement Class Members as a result of checks that are returned undeliverable or not cashed within 90 days, then upon approval by the Court, pursuant to the *cy pres* doctrine, the remaining amount shall be paid to a 501(c)(3) charitable organization. *Id.* § 5.9.

## C.    Settlement Administrator and Administration Costs

Subject to Court approval, the Settlement Administrator is Epiq Systems, a leading class action administration firm in the United States. Zavareei Decl. Ex. 1 § 1.26. All Notice and Administrative Costs shall be paid from the Settlement Fund. *Id.* §§ 1.18, 5.2. The Settlement Administrator will oversee the provision of notice to the Class Members and administration of the Settlement Fund.

## D.    Class Member Release

In exchange for the benefits conferred by the Settlement, all Class Members will be deemed to have released the Released Parties[2] from all claims that were or could have been asserted by the Class Representative or Settlement Class members arising out of the collection or attempted collection of Convenience Fees. Zavareei Decl. Ex. 1 §§ 7.1-7.3.

## E.    Proposed Plan of Notice

The Parties' proposed notice plan is designed to reach as many Class Members as possible and is the best notice practicable under the circumstances of the instant case. *See*

---

[2] The "Released Parties" are Rushmore and its parents, subsidiaries, affiliates, vendors, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, vendors, agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former, or future officers, directors, shareholders, employees, representatives, consultants, accountants, and attorneys.

Zavareei Decl. Ex. 1 § 6.3. Within ten days or such other time as provided in the Preliminary Approval Order, Rushmore, at its own expense, will compile the Settlement Class List and provide it to the Settlement Administrator and Class Counsel. *Id.* § 6.3.1. The Settlement Administrator will then update the Settlement Class List by running the addresses through the National Change of Address database or its equivalent before mailing the Class Notice. *Id.* § 6.3.1.

No later than 30 days after entry of the Preliminary Approval Order, unless such other time is specified in the order, the Settlement Administrator will mail the Class Notice. *Id.* § 6.3.2. The Class Notice will be sent by direct first-class mail. *Id.* Where more than one Class Member is a borrower on the same unique loan, only one Class Notice shall be mailed, which will be addressed to both Class Member borrowers on that loan. If a Class Notice is returned undeliverable without a forwarding address specified, the Settlement Administrator will cause a skip trace to be run and re-send the Class Notice in accordance once, with updated information obtained from the skip trace (if any). *Id.* The Class Notice will inform Class Members of basic information about the Settlement and inform them of where they can obtain further information. *Id.* at Ex. 1.

In addition to direct mail notice, the Settlement Administrator will maintain a dedicated settlement website and a dedicated toll-free number whereby Class Members may request additional information and documents. *Id.* § 6.4. The settlement website will prominently display the Class Notice and provide the toll-free number. *Id.* The settlement website will also host the operative complaint, the Settlement Agreement, any motions or memoranda seeking approval of the Settlement or approval of attorneys' fees and costs payable to Class Counsel, and any orders of the Court relating to the Settlement. *Id.* The settlement website will also provide answers to frequently asked questions, the text of which shall conform to the Class Notice approved by the Court. *Id.*

### F.     Opt-Outs and Objections

The Class Notice will advise Class Members of their right to opt out of the Settlement or to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses and/or Service Award to the Class Representative, and of the associated deadlines to opt out or object. *See* Zavareei Decl. Ex. 1 §§ 12-13.

Class Members who choose to opt out must submit a written request for exclusion by first class U.S. mail, postage paid, to the United States Post Office Box established and maintained by the Settlement Administrator for purposes of this Settlement. *Id.* § 12.1. Any request for exclusion must be postmarked on or before the deadline set by the Court and specified in the Class Notice, which shall be no less than sixty (60) calendar days after the initial mailing of the Class Notice. *Id.* Anyone submitting a request for exclusion must set forth (a) his or her full name and current address; (b) his or her loan number with Rushmore; and (c) his or her desire to be excluded from the Settlement Class. *Id.* Any timely written request for exclusion submitted by any co-borrower or joint borrower on a given loan will have the effect of excluding all other co-borrowers or joint borrowers on that loan, none of whom thereafter will be treated as Settlement Class Members. *Id.* § 12.2. Any person who receives the Class Notice and does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary. *Id.* § 12.3.

Class Members who wish to object to the Settlement must send a written Objection to the Settlement Administrator by first class U.S. mail, postage paid, to the United States Post Office Box established and maintained by the Settlement Administrator for purposes of this Settlement. *Id.* § 13.1. Objections must also be filed with the Court and served on Class Counsel and counsel for Rushmore at the address specified in § 16 of the Settlement Agreement. *Id.*  Objections must be postmarked on or before the deadline set by the Court and specified in the Class Notice, which shall be no less than sixty (60) calendar days after mailing of the Notice. *Id.* The Objection must set forth (a) the Class Member's full name,

current address, and telephone number; (b) the Class Member's loan number with Rushmore, which shall be partially redacted by the Settlement Administrator before filing with the Court; (c) a statement of the position of the objector, including his or her factual or legal grounds for the position; (d) the names and a summary of testimony of all witnesses the objector may call in connection with the Objection; (e) copies of all documents the objector wishes to submit in connection with the Objection; (f) the name(s) of any attorney(s) representing the objector; (g) the name, court, and docket number of any class action litigation in which the objecting Class Member and/or the objecting Class Member's attorney(s) have previously appeared as an objector or provided legal assistance with respect to an objection. *Id.* § 13.2. Subject to Court approval, any objecting Class Member may appear at the Fairness Hearing, in person or through counsel, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable. *Id.* § 13.3.

## G.    Attorneys' Fees and Costs and Service Award

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees, as well as documented, customary costs incurred by Class Counsel. Zavareei Decl. Ex. 1 §§ 1.3, 8.1. Any approved Attorneys' Fees and Expenses will be paid from the Settlement Fund prior to distribution to the Class Members. *Id.* §§ 1.29, 5.2. Class Counsel intends to seek a fee award of up to one-third (33%) of the Settlement Fund and will explain why this fee is warranted in a separately-filed petition for attorneys' fees and costs. *See* Zavareei Decl. ¶ 14. Class Counsel may also petition the Court for up to $5,000 for Ms. Fernandez as a Service Award as compensation for her time and effort in the Action. *See* Zavareei Decl. Ex. 1 §§ 1.23, 8.2. Any approved awards will be deduced from the Settlement Fund prior to distribution to the Class Members. *Id.* § 5.2. The Attorneys' Fees and Expenses and Service Award were not negotiated until after other material settlement terms were agreed upon. *See* Zavareei Decl. ¶ 14. Neither final approval, nor the size of the Settlement Fund, are contingent upon approval of the full amount of requested Service Award or any award of Attorneys' Fees and Expenses. *Id.* Ex. 1 §§ 8.1-8.2.

## IV. LEGAL STANDARD FOR PRELIMINARY APPROVAL

Federal Rule of Civil Procedure 23 requires court approval of a class action settlement. Fed. R. Civ. P. 23(e). Under Rule 23(e)(1), when the decision to grant preliminary approval depends on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." *Reyes v. Experian Information Solutions, Inc.*, No. SACV 16-00563 AG, 2020 WL 466638, at *1 (C.D. Cal. Jan. 27, 2020), citing Fed. R. Civ. P. 23(e)(1)(ii). "Approval of a class action settlement requires a two-step process — a preliminary approval followed by a later final approval." *Behfarin v. Pruco Life Insurance Company*, No. CV 17-5290-MWF-FFMx, 2019 WL 7188575, at *5 (C.D. Cal. Nov. 26, 2019), quoting *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016). Courts in this jurisdiction generally consider at preliminary approval whether a proposed settlement is both procedurally and substantively fair and reasonable. *Behfarin v. Pruco,* 2019 WL 7188575, at *6.

Rule 23, as amended in 2018, provides additional guidance to federal courts considering whether to grant preliminary approval of a class action settlement. Fed. R. Civ. P. 23(e), Committee Notes. "[I]n weighing a grant of preliminary approval, district courts must determine whether 'giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.'" *Reyes v. Experian Information Solutions,* 2020 WL 466638, at *1 (citing Fed. R. Civ. P. 23(e)(1)(B)(i–ii)). Thus although the Rule 23(e)(2) factors apply to final approval, a court should also look to them to determine whether it will likely grant final approval. *Avina v. Marriott Vacations Worldwide Corporation*, No. SACV 18-685 JVS, 2019 WL 8163642, at *5 (C.D. Cal. Oct. 25, 2019)(citing and evaluating preliminary approval under Rule 23(e)(2) factors). Those factors include:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

*Id.* (*citing* Fed. R. Civ. P. 23(e)).

Before the 2018 revisions to Rule 23(e), the Ninth Circuit had developed its own list of factors to be considered when approving a settlement. *See e.g., In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 964 (9th Cir. 2011) (citing Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004)); *Avina v. Marriott Vacations Worldwide Corporation*, 2019 WL 8163642, at *5. These factors include: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir.2004). *See also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Plaintiffs will address the factors relevant to both standards, many of which overlap.

## V.    ARGUMENT

### A.    The Settlement Agreement warrants preliminary approval.

Each of the relevant factors weighs in favor of Preliminary Approval of this Settlement. First, the Settlement was reached in the absence of collusion and is the result of good-faith, informed, arms' length negotiation between competent counsel, in conjunction with an experienced mediator, Jill R. Sperber, Esq. of Judicate West. Further, a preliminary

review of the factors relating to the fairness, adequacy, and reasonableness of the Settlement demonstrates that the Settlement warrants preliminary approval.

Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay. Ms. Fernandez believes her claims are meritorious and she would prevail if this case proceeded to trial. Rushmore argues that her claims are unfounded, denies any liability, and has indicated a willingness to litigate vigorously. Ms. Fernandez faces the challenge of a motion to dismiss, motion for summary judgment, and opposition to a motion for class certification, as well as the risk of a loss at trial. The only thing that is certain is that if this case continues in litigation, the Class Members will need to wait much longer before receiving any recovery. In Class Counsel's experience and informed judgment, the benefits of settling outweigh the risks and uncertainties of continued litigation, as well as the attendant time and expenses associated with litigation, discovery, and possible appellate review. *See* Zavareei Decl. ¶ 22.

### 1. The Settlement is the product of good-faith, informed, arms' length negotiations.

The Settlement Agreement is the result of intensive, arms' length negotiation between experienced attorneys who are familiar with class action litigation and the legal and factual issues in this Action. Zavareei Decl. ¶ 15. A presumption of fairness applies when a "proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for Court approval." *Newberg on Class Actions*, § 11.41 (4th ed. 2007). Moreover, "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-05248-MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007). *See also Cohorst v. BRE Props.*, No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923, at *12 (S.D. Cal. Nov. 14, 2011) ("Voluntary mediation before a retired judge in which the parties reached an agreement-in-principle to settle the claims in the litigation are highly indicative of fairness . . . . We put a good deal of stock in

the product of an arms'-length, non-collusive, negotiated resolution.") (internal quotations omitted).

Here, the Parties engaged in a full day mediation before Jill R. Sperber, Esq. of Judicate West and spent several weeks in subsequent negotiations before reaching the Settlement Agreement now sought to be approved. *Id.* ¶ 11-12. The Parties mediated before Jill. R. Sperber on February 16, 2021. *Id.* ¶ 11. In advance of that mediation, Rushmore provided Ms. Fernandez with information about the number of class members and damages. *Id.* ¶ 7. Although the Parties did not settle that day, they continued to discuss possible settlement and continued the negotiations again in June 2021. *Id.* ¶ 12. In connection with those negotiation discussions, Rushmore provided additional information about class size and damages for a broader class and a longer Class Period. *Id.* ¶ 7. The parties agreed to the material terms of the Settlement, including the size of the common fund. *Id.* ¶ 11. The Parties then continued their settlement discussions for two additional months as they finalized the terms of the Settlement Agreement. *Id.* ¶ 12. The Parties' vigorous negotiation of the claims in this action evidences an absence of collusion and the presence of fairness and good faith.

Further, Class Counsel is particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases. *Id.* ¶ 25. And, Class Counsel is currently litigating over a dozen other proposed class actions against mortgage servicers like Rushmore involving Convenience Fees. *Id.* ¶ 28. In negotiating the Settlement Agreement, Class Counsel had the benefit of years of experience and familiarity with the factual and legal bases for this case, as well as other cases involving servicers, financial institutions, and fees. *Id.* ¶ 29. This understanding of the intricacies of the consumer finance and mortgage servicing space provided Class Counsel with the tools and perspective to achieve an outstanding recovery for the Class—and prepared them to fight this Action to a successful conclusion if necessary.

Before filing the Complaint, Class Counsel spent many hours investigating potential claims against Rushmore. *Id.* ¶ 3. Class Counsel interviewed potential plaintiffs and gathered information about Rushmore's conduct and its impact on consumers. *Id.* This information was essential to Class Counsel's ability to evaluate the risks of this litigation and the benefits to the Class. Class Counsel also expended significant resources researching and developing the legal claims at issue, as well as other settlements of similar cases (including one in which Bailey & Glasser LLP, one of the firms representing the Settlement Class, served as Class Counsel). *Id.* ¶ 8. Class Counsel was well positioned to evaluate the strengths and weaknesses of Ms. Fernandez's and the Class's claims, and the appropriate basis upon which to settle them. *Id.*

### 2.    The Settlement is fair, adequate, and reasonable.

A preliminary review of the relevant factors supports the conclusion that the Settlement falls within the "range of reason" such that the Court should preliminarily approve the Settlement, order that notice be sent to the Class, and schedule a Final Approval Hearing. The Ninth Circuit has adopted the following eight-factor test for determining whether a settlement is fair, reasonable, and adequate:

> The strength of the plaintiffs; case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement.

*Russell v. Kohl's Dep't Stores, Inc.*, 755 Fed. App'x 605, 608 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). While the Class Members cannot react to the settlement until after notice goes out, the Court can "properly consider[] the *Hanlon* factors in deciding that the settlement [i]s fair, reasonable, and adequate" at the preliminary approval stage. *See Russell*, 755 Fed. App'x at 608 (affirming district court's review of *Hanlon* factors in preliminary approval order).

*First*, the Settlement is fair, adequate, and reasonable in light of the strengths and risks of Ms. Fernandez's case. While confident in the strength of her claims, Ms. Fernandez and Class Counsel are also pragmatic and recognize the risks inherent in litigation of this magnitude. *See* Zavareei Decl. ¶ 16. Should the case proceed in litigation, Ms. Fernandez could see her claims dismissed or narrowed at the motion to dismiss stage, summary judgment, at trial, or on a subsequent appeal. She also faces the risk that class certification could be denied. Each risk, by itself, could impede the successful prosecution of these claims at trial and in an eventual appeal—which would result in a *zero* recovery to the class. *Id.* ¶ 18. And even if Ms. Fernandez prevailed at trial, any recovery would likely be delayed for years by an appeal. In contrast, the Settlement provides immediate and substantial benefits to hundreds of thousands of Class Members.

It is "plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg Co.*, No. 09-cv-1786-L(WMc), 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). "Here, as with most class actions, there was risk to both sides in continuing towards trial. The settlement avoids uncertainty for all parties involved." *Chester v. TJX Cos.*, No. 5:15-cv-01437-ODW(DTB), 2017 WL 6205788, at *6 (C.D. Cal. Dec. 5, 2017). This factor favors preliminary approval.

*Second*, the risks, expense, complexity, and likely duration of further litigation support preliminary approval of the Settlement. Zavareei Decl. ¶ 16-17. This case is settling in its early stages; if the Settlement is not approved, the parties will likely need to litigate through multiple dispositive motions and a motion for class certification. *Id.* ¶ 17. The litigation would likely take years to resolve and involve expensive expert discovery. *Id.* ¶ 19. Yet there is no guarantee that lengthy litigation and expensive discovery would lead to greater benefits for the Class Members. *Id.* ¶ 20. Instead, there would be multiple points at which the Class's claims could be narrowed or dismissed. *Id.* ¶ 16. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs of the litigation

continued." *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14CV1372DMS(DHB), 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). Thus, this factor favors preliminary approval.

**Third**, the risk of maintaining class action status through trial supports preliminary approval of the Settlement. Zavareei Decl. ¶ 22. The class has not yet been certified, and Rushmore will oppose certification if the case proceeds. Thus, Ms. Fernandez "necessarily risk[s] class action status." *Grimm v. American Eagle Airlines, Inc.*, No. LA CV 11-00406 JAK(MANx), 2014 WL 127436, at *10 (C.D. Cal. Sept. 24, 2014). This factor favors preliminary approval.

**Fourth**, the amount offered in settlement supports preliminary approval. The Settlement Fund of $1,645,840 is an excellent recovery for the class, representing approximately 30% of damages. In addition to these monetary benefits, Rushmore agrees to stop charging Convenience Fees and continue to stop charging for a period of at two years after entry of the Final Approval Order. Given that Rushmore has stopped charging Convenience fees and will continue to refrain from charging after Final Approval, class members have reaped months in savings already from the changed practices, and will continue to enjoy additional benefit, as a result of litigation and settlement. Id. ¶__ Thus, this settlement is arguably more beneficial than other approved Convenience Fee settlements that did not include as a condition of settlement an agreement to stop charging the fees, and the overall value here is quite high as compared to similar cases. Zavareei Decl. ¶ 30. *See, e.g.*, *McWhorter v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-1831 (N.D. Ala.), Dkt. 66 ($9.7 million common fund representing 30% of damages in Convenience Fee case; in lieu of an agreement to stop charging fees, settlement revised class members' mortgages to include express permission to continue charging); *Phillips v. Caliber Home Loans*, No. 19-cv-02711-WMW-LIB (D. Minn.), Dkt. #87 (granting preliminary approval of $5 million common fund representing 29.39% of damages in Convenience Fee case); *Garcia v. Nationstar Mortgage, LLC*, No. 2:15-cv-1808 (W.D. Wash.), Dkt. #92 ($3.875 million common fund representing 32% of damages in Convenience Fee case; no court ordered

injunctive relief); *Montesi et al. v. Seterus Inc.*, No. 2015CA010901 (Palm Beach County, FL) ($1.75 million common fund representing 35% of damages in Convenience Fee case, and no court ordered injunctive relief). *See* Zavareei Decl. ¶ 29. Because the settlement amount here is similar to other settlements reached and approved in similar cases, this factor reflects that the Settlement is fair. *See Calderon v. Wolf Firm*, No. SACV 16-1622-JLS(KESx), 2018 WL 6843723, at *7-8 (C.D. Cal. Mar. 13, 2018).

Further, the allocation of the Settlement is fair and reasonable. Payments will be made on a *pro rata* basis depending on the number of Convenience Fees each Class Member paid. In light of the difficulties and expenses they would face to pursue individual claims and the likelihood that they might be unaware of their claims, this Settlement Amount is appropriate. *See Calderon*, 2018 WL 6843723, at *7-8.

Although Class Counsel will file a separate motion seeking approval of Attorneys' Fees and Expenses and a Service Award for Ms. Fernandez, the amounts that they intend to seek are also reasonable and fair. Ms. Fernandez will seek a service award of $5,000, and Class Counsel intends to seek no more than one-third of the Settlement Amount in attorney's fees. Zavareei Decl. ¶ 14. These amounts are well within the range of approval for class action settlements that provide significant benefits to the class. *See, e.g., Chester*, 2017 WL 6205788, at *6-7 (preliminarily approving service awards of $7,500); *Gooding v. Vita-Mix Corp.*, No. 2:16-cv-03898-ODW(JEMx), 2017 WL 3013406, at *6-7 (C.D. Cal. July 14, 2017) (preliminarily approving service awards of $5,000 each); *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming attorney's fee award of 33% of the recovery); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming attorney's fee award of 33% of the recovery).

**Fifth**, the extent of discovery completed and the stage of proceedings favors preliminary approval because the fact that this case is in its early stages means that neither side has spent significant sums on the litigation. But prior to filing, Class Counsel engaged in substantial investigation of Rushmore's Convenience Fees, and Class Counsel have

litigated many similar cases based on Convenience Fees. Moreover, the parties engaged in full day of formal mediation before a respected mediator, and conducted settlement discussions for several weeks thereafter prior to reaching the Settlement. Zavareei Decl. ¶¶ 11-12. Thus, "the efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting preliminary approval." *Hillman v. Lexicon Consulting, Inc.*, No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. Apr. 27, 2017).

*Sixth*, Class Counsel's view is that this Settlement is an outstanding recovery for the Class. Zavareei Decl. ¶ 22. Class Counsel is experienced in class action litigation, including cases concerning Convenience Fees. *Id.* ¶ 25. Based on Class Counsel's experience, counsel for Rushmore is also experienced and sophisticated. *Id.* ¶ 30. A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. *See, e.g.*, *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Thus, this factor supports preliminary approval.

*Seventh*, the absence of any government participant renders the seventh factor neutral. And because the Court has not yet approved class notice the eighth factor is also irrelevant. *See Hillman*, 2017 WL 10322869, at *8.

## B. Certification of the Settlement Class is appropriate.

On a motion for preliminary approval, the parties must also show that the Court "will likely be able to … certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1). The Settlement Class meets all of the requirements of Fed. Civ. P. 23(a) and (b)(3).

### 1. The Settlement Class Meets the Requirements of Rule 23(a)

The Settlement Class as defined meets Rule 23(a)'s numerosity requirement. The class definition encompasses just over 122,000 unique loans. The accompanying number of Settlement Class Members is even higher because a number of those loans involved co-borrowers, and demonstrates that joinder is simply a logistical impossibility. *See,*

---

1    *e.g. Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 548-49 (N.D. Cal. 2007) (numerosity is

2    generally satisfied when a class has at least 40 members); *Rannis v. Recchia*, 380 Fed. App'x

3    646, 651 (9th Cir. 2010).

4        The Settlement Class also satisfies the commonality requirement, which requires that

5    class members' claims "depend upon a common contention," of such a nature that

6    "determination of its truth or falsity will resolve an issue that is central to the validity of each

7    [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). There are

8    several common questions in this case, including: whether Rushmore breached its contracts

9    with borrowers by charging Convenience Fees not authorized by their mortgage agreements;

10   whether Rushmore violated the FDCPA and the RFDCPA by charging Convenience Fees;

11   whether Rushmore violated the UCL; whether Rushmore's cost to process Convenience Fee

12   Transactions is less than the amount that it charged for Convenience Fees; and whether Ms.

13   Fernandez and the Classes were damaged by Rushmore's conduct. Commonality requires a

14   plaintiff "to demonstrate that their claims 'depend upon a common contention ... [whose]

15   truth or falsity will resolve an issue that is central to the validity of each one of the claims in

16   one stroke.'" *Gonzalez-Tzita v. City of Los Angeles,* No. 16-cv-0194 FMO (Ex), 2019 WL

17   7790440, at *5 (C.D. Cal. Dec. 9, 2019), citing *Dukes*, 564 U.S. at 350, 131 S. Ct. at 2551; *see*

18   *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010). Plaintiff's

19   claims here depend on the common contentions that Convenience Fees are neither

20   authorized by class members' mortgages or permitted by law.

21       Typicality is satisfied if "the claims or defenses of the representative parties are typical

22   of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical

23   of the claims of Settlement Class members because they arise from the same course of

24   alleged conduct: charging borrowers a fee to make payments that is not authorized by

25   borrowers' mortgages or permitted by law. To meet typicality, a claim or defense is not

26   required to be identical, but rather "reasonably coextensive" with those of the absent class

27   members. *Felix v. WM. Bolthouse Farms, Inc.*, No. 1:19-cv-00312-AWI-JLT, 2020 WL 2175352,

at *5 (E.D. Cal. May 4, 2020), quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks and citation omitted). *Bias v. Wells Fargo & Company*, 312 F.R.D. 528, 537 (N.D. Cal. 2015) (typicality was met where the named Plaintiffs, like class members, were all charged for marked-up broker price opinions by mortgage company).

Finally, the adequacy requirement is satisfied when the class representatives will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To make this determination, "courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citation omitted); *Longest v. Green Tree Servicing LLC*, 308 F.R.D. 310, 325 (C.D. Cal. 2015).

Here, the Plaintiff has no conflicts of interest with other class members, and she and her counsel will and have vigorously prosecute this case on behalf of the class.

## 2.    The Settlement Class satisfies the requirements of Rule 23(b)(3).

Class certification is appropriate under Rule 23(b)(3) when "questions of law or fact common to the members of the class predominate over any question affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Common questions predominate over any questions affecting only individual members here. The question common to all Settlement Class members is whether Rushmore can charge Convenience Fees if the fees are not expressly authorized by the mortgage and not permitted by law.  These questions can be resolved using the same evidence for all class members and is exactly the kind of predominant common issue that makes class certification

appropriate. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) ....'" (citation omitted)). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Longest v. Green Tree Servicing LLC*, 308 F.R.D. 310, 326 (C.D. Cal. 2015) (finding predominance met in class action alleging UCL violations against mortgage servicer for charging inflated charges and alleged kickbacks for forced place insurance), quoting *Valentino v. Carter–Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir.1996).

Class certification here is also "superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Class wide resolution is the only practical method of addressing the alleged violations at issue in this case. There are thousands of class members with modest individual claims, most of whom likely lack the resources necessary to seek individual legal redress. *See Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment); *see also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification.").

### C.    The Court should approve the proposed notice plan.

#### 1.    The proposed notice plan is adequate and warrants preliminary approval.

The parties' proposed notice plan is formulated to conform with the procedural and substantive requirements of Rule 23. Due process under Rule 23 requires that class members receive notice of the settlement and an opportunity to be heard and participate in the litigation. *See* Fed. R. Civ. Proc., Rule 23(c)(2)(B); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 175-76 (1974) ("individual notice

must be provided to those class members who are identifiable through reasonable effort"). The mechanics of the notice process are left to the discretion of the Court, subject only to the broad "reasonableness" standards imposed by due process. *See* 7A Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1786 (3d ed. 2008)*; see also Rosenburg v. I.B.M.*, No. CV06–00430PJH, 2007 WL 128232, *5 (N.D. Cal. Jan. 11, 2007) (notice should inform class members of essential terms of settlement including claims procedure and their rights to accept, object or opt-out of settlement).

Notice of the settlement is to be provided as follows: Rushmore will provide class members' addresses to the settlement administrator, which will run those addresses through the NCOA database, then send the full, several page notice attached as Exhibit 1 to the Settlement via first class mail to all class members. The settlement administrator will run a skip trace for class notices returned as undeliverable and will resend the notices to an updated address. The proposed notice accurately summarizes all material terms of the settlement, and directs class members to a settlement website, established by the Settlement Administrator. That website will contain information about the settlement, a form to opt out, and information on how to object to the settlement. Additionally, the settlement website will contain a toll-free number that Class Members may call to request additional information or documents. Finally, it will make available for download the operative complaint, the Settlement Agreement, motions and memoranda seeking approval of the Settlement Agreement, and any orders related to the Settlement Agreement.

The operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. When available, direct mail notice is generally considered the "best notice practicable." *See Simpao v. Gov't of Guam,* 369 Fed. Appx. 837, 838-39 (9th Cir. 2010) (holding potential class members received "best notice practicable under the circumstances" when they received direct mail notice to their last known addresses). Here, class members will receive direct mail notice to their last known mailing address. Contact information will initially be provided from Rushmore, which, as a

mortgage servicer regularly issuing bills to class members, is highly likely to have the most accurate contact information. When combined with a process to confirm addresses through NCOA before sending notice and subsequent skip tracing in the unlikely instance that any notice is returned as undeliverable, the notice program should cause nearly every class member to receive direct mail notice at their actual addresses. And in addition to direct notice, there will also be a publicly available website that will allow class members to view all information regarding their rights under the Settlement. This design will bring awareness to as many class members as practicable and should be approved.

Moreover, the substance of the notice will fully apprise class members of their rights. Under Rule 23(e), notice to class members "must 'generally describe[ ] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Lane v. Facebook, Inc.,* 696 F. 3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez v. West Publ'g Corp.,* 563 F. 3d 948, 962 (9th Cir. 2009)). The proposed notice contains all the critical information required to apprise Class Members of their rights under the settlement, it directs them to the settlement website, where they can obtain more detailed information, and it provides a toll-free number for Class Members to call with questions. This approach to notice is adequate. *See e.g. Sarabri v. Weltman, Weinberg & Reis Co., L.P.A,* No. 10cv1777 AJB (NLS), 2012 WL 3809123 at *2 (S.D. Cal. Sept. 4, 2012) (approving postcard notice where postcard would include the settlement website with a full settlement details and the claim administrator's toll free number); *Knutson v. Schwan's Home Service, Inc.,* No. 3:12-cv-00964-GPC-DHB, 2014 WL 3519064 (S.D. Cal. July 14, 2014) (same). This information undoubtedly provides "sufficient detail" to allow class members with adverse viewpoints to conduct further investigation and "come forward to be heard." *Lane,* 696 F.3d at 826. (holding the sufficient detail standard "does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims"). Accordingly, this notice program will fully apprise Class Members of their rights under Rule 23(e) and should be approved.

## VI.    CONCLUSION

For the foregoing reasons, Ms. Fernandez requests that the Court preliminarily approve the Settlement, enter the Preliminary Approval Order, appoint her as Class Representative, appoint Tycko & Zavareei LLP and Bailey & Glasser LLP as Class Counsel, direct that Notice be distributed to the Settlement Class, and schedule a Fairness Hearing.

Dated: September 24, 2021                    Respectfully submitted,

/s/ Hassan A. Zavareei
Hassan A. Zavareei (SBN 181547)
Kristen G. Simplicio (SBN 263291)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
ksimplicio@tzlegal.com

Annick M. Persinger (SBN 272996)
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510-254-6808 (p)
202-973-0950 (f)
apersinger@tzlegal.com

James L. Kauffman (*pro hac vice*)
BAILEY GLASSER LLP
1055 Thomas Jefferson Street NW,
Suite 540
Washington, D.C. 20007
202-463-2101 (p)
202-463-2103 (j)
jkauffman@baileyglasser.com

Counsel for Plaintiff