Hassan A. Zavareei (SBN 181547)
Kristen G. Simplicio (SBN 263291)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
ksimplicio@tzlegal.com

James L. Kauffman (*pro hac vice*)
BAILEY GLASSER LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, D.C. 20007
202-463-2101 (p)
202-463-2103 (j)
jkauffman@baileyglasser.com

Counsel for Plaintiff and the Proposed Class
*[Additional counsel in signature block]*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHITSAMAY FERNANDEZ, *on behalf of herself and all others similarly situated*, | Case No. 8:21-cv-00621-DOC-(KESx) |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |
| v. | |
| RUSHMORE LOAN MANAGEMENT SERVICES LLC, | Date: February 14, 2022<br>Time: 8:30AM<br>Courtroom: 9D<br>Judge: Hon. David O. Carter |
| Defendant. | Date Filed: January 30, 2020<br>Trial Date: None set |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   LITIGATION AND SETTLEMENT HISTORY ............................................ 2

III.  SUMMARY OF THE SETTLEMENT BENEFITS ...................................... 4

IV.  CLASS NOTICE WAS PROVIDED AS DIRECTED BY THE COURT ............... 4

V.   THE LEGAL STANDARD FOR FINAL APPROVAL ............................... 5

VI.  THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE ................... 6

     A.    The Settlement is Fair .......................................................................... 6

         1.    The Settlement was negotiated at arm's length ............................. 7

         2.    The Settlement was informed by extensive investigation and
             discovery ....................................................................................... 7

         3.    Experienced Class Counsel negotiated the Settlement ............................ 8

     B.    The Settlement is Adequate .................................................................. 8

     C.    Additional Criteria Demonstrate the Settlement is Reasonable ....................... 9

         1.    The Settlement provides excellent relief to the Class .......................... 9

         2.    The Settlement eliminates the risk of no recovery ..................................... 10

         3.    The Settlement compares favorably to the potential relief ..................... 11

         4.    The Settlement enjoys overwhelming Class support ............................... 12

     D.    The *Cy Pres* Award Will Benefit the Class .......................................... 13

VII.  THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES ...... 13

VIII. UPDATE ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
      REIMBURSEMENT OF EXPENSES AND SERVICE AWARD ........................... 14

IX.  CONCLUSION ............................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adams v. Inter-Con Sec. Sys. Inc.,*
    No. C-06-5428 MHP, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007)........................ 7

*Alexander, et al. v. Carrington Mortg. Svcs., LLC,*
    -- F.3d. --, 2022 WL 164018 (4th Cir. Jan. 19, 2022)................................. 8, 10

*In re Anthem, Inc. Data Breach Litig.,*
    327 F.R.D. 299 (N.D. Cal. 2018) ................................................. 10

*Avina v. Marriott Vacations Worldwide Corp.,*
    No. SACV18685, 2019 WL 8163642 (C.D. Cal. Oct. 25, 2019)................................ 5

*In re Bluetooth Headset Products Liability Litig.,*
    64 F.3d 935 (9th Cir. 2011)................................................. 1, 5, 6, 8

*Briseno v. Henderson,*
    998 F.3d 1014 (9th Cir. 2021) ................................................. 6, 8, 9

*Churchill Vill., L.L.C. v. Gen. Elec.,*
    361 F.3d 566 (9th Cir. 2004) ................................................. 6, 12

*Custom LED, LLC v. eBay, Inc.,*
    No. 12-cv-00350-JST, 2014 WL 2916871 (N.D. Cal. June 24, 2014) ...................... 11

*De Leon v. Ricoh USA, Inc.,*
    No. 18-cv-03725-JSC, 2020 WL 1531331 (N.D. Cal. Mar. 31, 2020)...................... 12

*Fraley v. Batman,*
    638 F. App'x 594 (9th Cir. 2016) ................................................. 13

*Garcia v. Nationstar Mortgage LLC,*
    No. 2:15-cv-01808 TSZ (W.D. Wash.) ................................................. 11

*In re Grumman Corp. ERISA Litig.,*
    No. 06-cv-6213, 2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) ................................ 8

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ................................................. 5, 6, 12

*In re Hyundai and Kia Fuel Economy Litig.,*
    926 F.3d 539 (9th Cir. 2019) ............................................................ 5

*Lane v. Facebook, Inc.,*
    696 F.3d 811 (9th Cir. 2012) ............................................................ 9

*Marshall v. Northrop Grumman Corp.,*
    No. 16-cv-6794, 2020 WL 5668935 (C.D. Cal. Sept. 28, 2020) ............................ 8, 14

*McWhorter v. Ocwen Loan Servicing,*
    LLC, No. 2:15-cv-1831, 2017 WL 4304625 (N.D. Ala. Sept. 28, 2017) .................. 11

*In re: Mego Fin. Corp. Sec. Litig.,*
    213 F.3d 454 (9th Cir. 2000) ............................................................ 12

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
    221 F.R.D. 523 (C.D. Cal. 2004)....................................................7, 10, 11

*Officers for Justice v. Civ. Serv. Comm'n of City and County of San Francisco,*
    688 F.2d 615 (9th Cir. 1982) ........................................................1, 6, 11

*Perkins v. LinkedIn Corp.,*
    No. 5:13-cv-04303-LHK, 2016 WL 613255 (N.D. Cal. Feb. 16, 2016).................. 12

*Phillips v. Caliber Home Loans, Inc.,*
    No. 19-cv-2711 (D. Minn. Dec. 4, 2020).................................................... 11

*Rodriguez v. West Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ............................................................ 6, 7

*Stewart v. Applied Materials, Inc.,*
    No. 15-cv-02632-JST, 2017 WL 3670711 (N.D. Cal. Aug. 25, 2017)...................... 7

*Thomas-Lawson, et al. v. Carrington Mortg. Svcs., LLC,*
    Case No. 21-55459 (9th Cir., pending) .................................................. 8, 10

**Rules**

Fed. R. Civ. P. 23(e) ............................................................................ 5

## NOTICE OF MOTION AND
## MOTION FOR FINAL APPROVAL OF SETTLEMENT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 14, 2022 at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Judge David O. Carter of the United States District Court for the Central District of California, Plaintiff Phitsamay Fernandez, by and through her undersigned counsel of record, will and hereby does move the Court for an order granting final approval of the parties' proposed Settlement Agreement and Release and exhibits thereto, dated September 24, 2021.[1]

This Motion is based on Federal Rule of Civil Procedure 23, this Notice of Motion, the supporting Memorandum of Points and Authorities, the Settlement Agreement, the accompanying declaration of Cameron R. Azari ("Azari Decl."), the pleadings and papers on file in this action, and any additional information or argument as the Court may consider.

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Settlement Agreement.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Phitsamay Fernandez ("Ms. Fernandez" or "Class Representative"), by and through Class Counsel, respectfully seeks final approval of the proposed nationwide class Settlement Agreement and Release ("Agreement"), which resolves claims arising out of Defendant Rushmore Loan Management Services LLC's ("Rushmore") practice of charging fees for making mortgage payments over the phone ("Convenience Fees"). The Settlement achieves an exceptional result for the Class, as it establishes a $1,645,840.00 Common Fund that will provide cash payments to Class Members, and cover administration costs, reasonable attorneys' fees and expenses and a service award. And, as a result of this lawsuit, Rushmore has agreed not to charge Convenience Fees for a period of two years after Final Approval, providing Class Members with additional valuable relief. After a robust direct notice campaign, there were only nine opt-outs and no objections, demonstrating the fairness of the Settlement as a whole.

The Settlement is "fair, reasonable, and adequate to all concerned" and therefore merits final approval. *Officers for Justice v. Civ. Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Indeed, the Settlement avoids any of the potential "red flags" identified by the Ninth Circuit in *In re Bluetooth Headset Products Liability Litigation*, 64 F.3d 935, 947 (9th Cir. 2011). Here, Ms. Fernandez and Rushmore (collectively, "the Parties) did not discuss any award of attorneys' fees during their arm's length negotiations with a mediator, and there is no clear-sailing provision that prevents Rushmore from challenging the fee award. Indeed, the fee award still leaves a settlement fund that provides adequate compensation of the Class, maximizes redemption by automatically paying Class Members instead of requiring them to submit claims, and provides that no portion of the settlement fund will revert to Rushmore. This Settlement is a superb result for the Class, considering the hotly contested legal theories that made continued litigation risky, with the chance of no recovery at all.

On October 28, 2021, the Court preliminarily approved the Settlement. Since then, the Parties have complied with the Agreement and the Court's Preliminary Approval Order and provided notice to the Class. The response rate confirms that the Class Notice effectively provided the best notice practicable as required by due process. Indeed, there have been 2,472 unique visitors to the Settlement Website, and 1,646 calls to the Settlement Administrator. Ex. 1, Azari Decl. ¶¶ 14-15.

The response to the Settlement has been overwhelmingly favorable. The deadline to request exclusion from the Settlement or to object to the Settlement was January 24, 2022. As of January 31, 2022, only nine Class Members have requested exclusion from the Class. *Id.* ¶ 17. No Class Member has objected. *Id.*

For all of these reasons and the reasons set forth below, Ms. Fernandez submits that the Settlement is fair, adequate, and reasonable, and should be finally approved. Therefore, Ms. Fernandez respectfully requests that this Court: (1) grant this Motion, (2) finally approve the proposed Settlement, (3) affirm the certification of the Settlement Class for settlement purposes only, (4) affirm the appointment of Phitsamay Fernandez as Class Representative, (5) affirm the appointment Hassan A. Zavareei and Kristen G. Simplicio of Tycko & Zavareei LLP and James L. Kauffman of Bailey Glasser LLP as Class Counsel, (6) retain jurisdiction over this matter to resolve issues related to interpretation, administration, implementation, effectuation, and enforcement of the Settlement, and (7) enter Final Judgment dismissing this action.[2]

## II.    LITIGATION AND SETTLEMENT HISTORY

Ms. Fernandez commenced this litigation on January 30, 2020 by filing a complaint in the Superior Court of California for the County of Orange, which was removed to this Court. ECF No. 1. The complaint alleged that Rushmore charged borrowers a $5.00 fee to

---

[2] As set forth in Plaintiff's January 11, 2022 Motion, ECF No. 36, Ms. Fernandez requests an award of attorneys' fees of one-third of the Common Fund, $548,613.33, reimbursement of litigation costs of $10,689.20, and a class representative service award of $5,000.00.

make mortgage payments using Rushmore's Automated Phone Payments System, or a $10.00 fee to make their payment by speaking with a Rushmore customer service representative by telephone. Ms. Fernandez alleged that these Convenience Fees violated the FDCPA and the Rosenthal Act, and breached the borrowers' loan agreements, because the fees were not expressly authorized by the mortgage agreements or permitted by law, and the fees represented Rushmore's fees for collecting payments. ECF No. 1, Compl. Ex. A at ¶¶ 10-16.

After lengthy discussions about the merits of the case, the Parties agreed to engage in mediation with the assistance of Jill R. Sperber, Esq., an experienced class action mediator with Judicate West, to explore whether a negotiated resolution was possible. The Parties exchanged mediation statements and Rushmore provided necessary class data to Plaintiff's counsel. The Parties attended a full-day mediation with Ms. Sperber on February 16, 2021. Both sides made presentations to the mediator and all attendees. After a full day of hard-fought negotiations, the Parties did not reach an agreement, but made significant progress towards resolution.

With the assistance of Ms. Sperber, the Parties continued to negotiate by phone and email over the course of several weeks. The Parties' counsel exchanged additional materials and class data in June 2021. After these additional weeks of negotiations, the Parties reached a settlement in principle, and promptly notified the Court of the Settlement on July 20, 2021. ECF No. 16. Over the following two months, the Parties spent significant time documenting and negotiating the specific terms and language of the Settlement Agreement. Notably, there was no "clear sailing" provision in any of the terms negotiated by the Parties. *See* ECF No. 27-2, § 8.1. The Parties did not discuss attorneys' fees or reimbursement of litigation costs until after they agreed on material terms. *See* ECF No. 36 at 9.

On September 24, 2021, the Parties executed the Settlement Agreement. Ms. Fernandez filed a Motion for Preliminary Approval of Settlement, which the Court granted on October 28, 2021. ECF No. 31.

### III.    SUMMARY OF THE SETTLEMENT BENEFITS

The proposed Agreement establishes a $1,645,840 Common Fund to benefit the Class. The Common Fund shall be used to make Settlement Payments, and to pay any fee and expense award, any service award, and all administrative costs. ECF No. 27-2, § 3.2.3. The Common Fund represents 29.39% of the total Convenience Fees paid by the Class during the Class Period. After payment of costs of administration and notice and any fees, expenses, and service award authorized by the Court, Settlement Class Members are entitled to receive monetary benefits from the Net Settlement Fund on a pro rata basis, based upon the amount of Convenience Fees paid by each Settlement Class Member during the Class Period. *Id.* § 5.3.

### IV.    CLASS NOTICE WAS PROVIDED AS DIRECTED BY THE COURT

After preliminary approval, the Parties provided Notice of the Settlement in Accordance with the Parties' Agreement and this Court's Preliminary Approval Order. *See* Ex. 1, Azari Decl. Rushmore provided the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq") with the Settlement Class Member List containing names, loan numbers, and last known mailing addresses for each Class Member. *Id.* ¶ 9.

Then, beginning on November 24, 2021, Epiq provided the Court-approved Notice Plan to the Class as follows: it (1) checked all mailing addresses against the National Change of Address database maintained by the USPS; (2) certified the mailing addresses via the Coding Accuracy Support System and verified the accuracy of the address through Delivery Point Validation; and (3) sent 122,371 Long Form Notices via USPS first class mail to all members of the Settlement Class with an associated physical address. *Id.* ¶¶ 10, 11. For Notices returned as undeliverable, Epiq re-mailed the Notices to any new address available through USPS information or through third-party address lookup services. *Id.* ¶ 12. As of January 31, 2022, Epiq has re-mailed 1,676 Notices to Class Members. *Id.* The Court-approved Long Form Notices were successfully delivered to 120,770 of the 122,371 identified Class Members, equating to a deliverable rate of approximately 98%. *Id.* ¶ 13.

1    The Court-approved Long Form Notice informed Class Members about the
2    proposed Settlement, their rights as to the $1,645,840 Settlement Amount, their rights to
3    object or opt-out of the Settlement, and the prospective request for attorneys' fees and
4    reimbursement of litigation expenses and a service award. ECF No. 27-2, Ex. 1 at 20-25.

## V.    THE LEGAL STANDARD FOR FINAL APPROVAL

6    The law favors the settlement of class actions. *See, e.g.*, *In re Hyundai and Kia Fuel
7    Economy Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc). "[T]he decision to approve or
8    reject a settlement is committed to the sound discretion of the trial judge because he [or
9    she] is exposed to the litigants and their strategies, positions, and proof." *Hanlon v. Chrysler
10    Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations and quotations omitted). To
11    grant final approval of a settlement, "Fed. R. Civ. P. 23(e) requires the district court to
12    determine whether a proposed settlement is fundamentally fair, adequate, and reasonable."
13    *Id.* "It is the settlement taken as a whole, rather than the individual component parts, that
14    must be examined for overall fairness." *Id.* In making this assessment, courts must consider
15    the factors set out in Federal Rule of Civil Procedure 23(e):

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e).

23    Before the 2018 revisions to Rule 23(e), the Ninth Circuit had developed its own list
24    of factors to be considered when approving a settlement. *See e.g.*, *Bluetooth*, 654 F.3d at 964
25    (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *Avina v. Marriott
26    Vacations Worldwide Corp.*, No. SACV18685, 2019 WL 8163642, at *5 (C.D. Cal. Oct. 25,
27    2019). These factors include: (1) the strength of the plaintiff's case; (2) the risk, expense,

complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *Churchill*, 361 F.3d at 575; *see also Hanlon*, 150 F.3d at 1026.

The Court's role in reviewing "what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. To "smoke out potential collusion" and determine whether the settlement is "adequate" the Court must "balance the 'proposed award of attorneys' fees' vis-à-vis the 'relief provided for the class.'" *Briseno v. Henderson*, 998 F.3d 1014, 1023-24 (9th Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)(c)(iii)). To scrutinize attorneys' fee arrangements, district courts should apply the factors established in *Bluetooth. See Briseno*, 998 F.3d at 1026. The "red flags" identified in *Bluetooth* that may lead to a determination that the settlement is inadequate are: (1) when class counsel receives "'a disproportionate distribution of the settlement'"; (2) when there is a clear-sailing provision "under which the defendant agrees not to challenge a request for an agreed-upon attorney's fee"; and (3) when the settlement contains a reverter allowing unawarded fees to return to the defendant and not the class. *Id.* at 1023 (quoting *Bluetooth*, 654 F.3d at 947). The proposed Settlement meets the requirements for final approval.

## VI. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE.

### A. The Settlement is Fair.

The Settlement is presumptively fair as (1) it is the result of arm's length negotiations, (2) there has been investigation and discovery sufficient to permit counsel and the Court to act intelligently, and (3) counsel are experienced in similar litigation. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (stating that the Ninth Circuit "put[s] a good deal of

stock in the product of an arm's-length, non-collusive, negotiated resolution"); *see also id.* at 967 ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("DIRECTV") (explaining that class settlements are presumed fair when they are reached "following sufficient discovery and genuine arm's length negotiation"); *Stewart v. Applied Materials, Inc.*, No. 15-cv-02632-JST, 2017 WL 3670711, at *6 (N.D. Cal. Aug. 25, 2017) (explaining that "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness").

## 1. The Settlement was negotiated at arm's length.

The Settlement was negotiated at arm's length during an all-day mediation and subsequent settlement discussions facilitated by Ms. Sperber of Judicate West. *See* ECF No. 27-1, ¶¶ 6-12. *See Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."). Additionally, the Parties did not discuss attorneys' fees or a service award until after they had agreed upon the material terms of the Settlement. *See* ECF No. 27-1, ¶ 14, ECF No. 27-2, § 8.1. Thus, nothing should disturb the Court's preliminary determination that the proposed Settlement is the product of hard-fought settlement discussions and negotiations between Ms. Fernandez and Rushmore.

## 2. The Settlement was informed by extensive investigation and discovery.

Before agreeing upon the terms of the Settlement, the Parties conducted a thorough examination and investigation of the facts and law in this litigation. *See* ECF No. 27-1, ¶¶ 3-9. In advance of mediation, Rushmore provided informal discovery, which included information similar to what Class Counsel would have sought through the formal discovery process. *Id.* ¶ 8. The informal discovery included information regarding the size of the

Settlement Class and the amount of Convenience Fees collected by Rushmore during the preceding several years. *Id.* ¶ 7. As a result, Class Counsel were well informed as to the novel and complex issues raised in this case.

### 3. Experienced Class Counsel negotiated the Settlement.

Class Counsel have extensive experience in complex litigation, consumer rights, and other class-action litigation, including class actions challenging Convenience Fees. *See* ECF No. 27-1, ¶¶ 27-31; ECF No. 36-2, ¶¶ 25-27; ECF No. 36-4, ¶¶ 3-6. Notably, two district court dismissals (one from this district) concerning the same type of Convenience Fees at issue here, were on appeal during the pendency of this case. *See Thomas-Lawson, et al. v. Carrington Mortg. Svcs., LLC*, Case No. 21-55459 (9th Cir., pending) ("*Thomas-Lawson*"); *Alexander, et al. v. Carrington Mortg. Svcs., LLC*, -- F.3d. --, 2022 WL 164018 (4th Cir. Jan. 19, 2022) ("*Alexander*") (reversing dismissal by district court). Based on their experience, including with comparable cases that they have settled, Class Counsel concluded that the Settlement provides exceptional results for the Class while sparing the Class from the uncertainties of continued and protracted litigation.

### B. The Settlement is Adequate.

The Settlement Agreement reached by the Parties here is adequate in accordance with *Briseno v. Henderson*, 998 F.3d at 1026-28 (applying *Bluetooth* factors). Namely, it avoids all of the red flags of a class settlement discussed in *Bluetooth*. First, as discussed in more detail in Ms. Fernandez's Motion for Fees, Costs, and Service Award, Class Counsel does not receive a disproportionate amount of the Settlement Fund when compared to the benefit to the Class. Rather, they seek a one-third fee of the Common Fund, which is within the range of reasonableness, given the exceptional settlement result. *See In re Grumman Corp. ERISA Litig.*, No. 06-cv-6213, 2017 WL 9614818, at *6 (C.D. Cal. Oct. 24, 2017) ("*Grumman*"); *see also Marshall v. Northrop Grumman Corporation* ("*Grumman II*"), No. 16-cv-6794, 2020 WL 5668935, at *2 (C.D. Cal. Sept. 28, 2020) (applying the *Grumman* factors to award a one-third attorneys' fee). Second, there is no clear-sailing provision. Third, under

no circumstances will any of the Settlement Fund revert back to Rushmore. None of the factors that might prevent this Court from finding that the Settlement is adequate under *Briseno* are present.

### C. Additional Criteria Demonstrate the Settlement is Reasonable.

Although there is an initial presumption of fairness, the Court must independently analyze the Settlement to determine whether it is in the best interests of the Class, considering:

> [t]he strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Lane v. Facebook, Inc.,* 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon,* 150 F.3d at 1026). Each of these factors weighs in favor of finally approving the Settlement.

### 1. The Settlement provides excellent relief to the Class.

The Settlement provides substantial monetary and non-monetary relief to the Class. Ms. Fernandez secured a Common Fund of $1,645,840 which constitutes approximately 29.39% of the total Convenience Fees paid to Rushmore during the Class Period. Each of the Settlement Class Members is entitled to receive monetary benefits from the Net Settlement Fund on a pro rata basis, based upon the amount of Convenience Fees paid by each Settlement Class Member during the Class Period. ECF No. 27-2, § 5.3.

Moreover, this litigation resulted in Rushmore agreeing to change its practices and not charge Convenience Fees for two years, while still offering borrowers the option to make payments online or over the phone. Assuming the same rates of usage of these payment options by the Class remain the same, Class Counsel estimates that the value of this change results in an additional $1,500,000 monetary benefit to the Class. ECF No. 27-1, ¶ 13. Thus, this Settlement provides additional, valuable benefits for the Class.

### 2. The Settlement eliminates the risk of no recovery.

While the Settlement in this case would provide benefits to the Class that are certain, if Ms. Fernandez continued to litigate this case, the Class would likely not see any recovery for several more years, and there is a risk that there would never be any recovery at all. There are at least two other district courts that dismissed similar claims with resulting appeals to the Fourth Circuit (*Alexander*) and Ninth Circuit (*Thomas-Lawson*).

The potential risks and duration of further litigation therefore support final approval. Courts have long recognized the inherent risks and "vagaries of litigation," and emphasized the comparative benefits of "immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *DIRECTV*, 221 F.R.D. at 526; *see also In re Anthem, Inc. Data Breach Litig.,* 327 F.R.D. 299, 318 (N.D. Cal. 2018) (delay in recovery as a result of trial and appellate proceedings weighs in favor of final approval where "[s]ettlement provides the Class with timely, certain, and meaningful recovery").

Here, Ms. Fernandez and the Settlement Class Members face substantial risks. Indeed, as discussed in the January 11, 2022 Motion for Fees, Costs, and Service Award, district courts have split on the threshold legal question here of whether Convenience Fees are prohibited by state and federal debt collection statutes and the borrowers' mortgage agreements. *See* ECF No. 37 at 9-10 (citing cases). This question is currently on appeal in the Ninth Circuit. While Ms. Fernandez believes that her view of the law will ultimately be endorsed by appellate courts, to get there, this case could have been stayed and taken years to achieve full recovery. By settling now in the early stages, this risk as well as the risks and costs associated with expert discovery and litigating additional dispositive motions and a motion for class certification can be avoided.

Moreover, early resolution conserves resources and leaves more funds available for Settlement Class Members. Had litigation progressed, the Parties would need to resolve discovery disputes and incur the expense and burden of preparing for trial. Even if Ms.

Fernandez succeeded at class certification and on the merits, any recovery would likely be delayed by appeals. Yet there is no guarantee that lengthy litigation and expensive discovery would lead to greater benefits for the Settlement Class Members. Instead, there would be multiple points at which the Class's claims could be narrowed or dismissed. Thus, the Settlement eliminates the various risks including complete lack of recovery which is possible with further litigation.

### 3. The Settlement compares favorably to the potential relief.

A proposed settlement is not to be measured against "a hypothetical or speculative measure of what might have been achieved." *Officers for Justice*, 688 F.2d at 625; *see also DIRECTV*, 221 F.R.D. at 527 ("[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."); *Custom LED, LLC v. eBay, Inc.,* No. 12-cv-00350-JST, 2014 WL 2916871, at *4 (N.D. Cal. June 24, 2014) ("[C]ourts have held that a recovery of only 3% of the maximum potential recovery is fair and reasonable ….").

Here, besides its substantial size in absolute numbers, the Settlement is fair and reasonable in relation to the Settlement Class's potential damages. As mentioned above, the Settlement Fund is 29.39% of the total amount of Convenience Fees collected by Rushmore during the Class Period, a percentage that is in line with other court-approved settlements involving similar fees. *See* ECF No. 36-1, App'x A; *see also, e.g., McWhorter v. Ocwen Loan Servicing*, LLC, No. 2:15-cv-1831, 2017 WL 4304625 (N.D. Ala. Sept. 28, 2017) (granting final approval of a settlement creating a $9.7 million common fund, representing 30% of the total fees collected); *Phillips v. Caliber Home Loans, Inc.,* No. 19-cv-2711 (D. Minn. Dec. 4, 2020) (granting preliminary approval of settlement creating a $5.0 million common fund, representing 29% of the total fees collected from the class members); *Garcia v. Nationstar Mortgage LLC*, No. 2:15-cv-01808 TSZ (W.D. Wash.) (granting final approval of a $3.875 common fund, representing 32% of the total amount of fees collected from class members).

1   And Rushmore's agreement to cease charging Convenience Fees for at least two

2   years provides an additional $1.5 million benefit to the Class. ECF No. 27-2, § 9.1. ECF

3   No. 27-1, ¶ 13.

4       Accordingly, the relief provided by the Settlement favors final approval.

5           **4.  The Settlement enjoys overwhelming Class support.**

6       In determining the fairness of a settlement, the Court should consider class member

7   objections. The absence of a large number of objections to a proposed settlement raises a

8   strong presumption that the terms of the agreement are fair. *See, e.g., Churchill*, 361 F.3d at

9   577 (approving a settlement where "only 45 of the approximately 90,000 [.005 percent]

10  notified class members objected to the settlement"). As of the end of the opt-out and

11  objection deadline on January 31, 2022, only nine of the 122,390 Class Members opted out

12  of the Settlement—less than 0.01% of the Class. Ex. 1, Azari Decl. ¶ 17. No Class Member

13  has objected to the Settlement. *Id.* Indeed, the absence of any objections from Class

14  Members who received notice and the small number of opt-outs indicates overwhelming

15  favor from the Class.

16      This support is particularly notable given that over 1,646 Class Members contacted

17  the Settlement Administrator directly via telephone, with over 2,472 unique visitors to the

18  Settlement Website. *Id.* ¶¶ 14, 15. The lack of objections and minimal opt-outs when paired

19  with the response rate, also indicate a favorable reaction by the Class Members to the

20  proposed Settlement and provide further support for final approval. *See, e.g., Perkins v.*

21  *LinkedIn Corp.*, No. 5:13-cv-04303-LHK, 2016 WL 613255, at *3 (N.D. Cal. Feb. 16, 2016)

22  ("low rates of objections and opt-outs are 'indicia of the approval of the class'" (citation

23  omitted)); *In re: Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (low number of

24  objectors (a "handful") and opt-outs (only one) supported trial court's finding that

25  settlement was "fair, adequate and reasonable"); *Hanlon*, 150 F.3d at 1027 (upholding

26  approval of settlement where only 971 Class Members, or 0.1% of the class, opted out and

27  only a few objected); *De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2020 WL 1531331, at

*11 (N.D. Cal. Mar. 31, 2020) ("Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the Class Members." (internal quotation marks and citation omitted)).

### D.    The *Cy Pres* Award Will Benefit the Class.

To account for any money remaining in the Settlement Fund after settlement distribution, the Parties agreed upon the National Foundation for Credit Counseling ("NFCC") as the *cy pres* recipient. The test for a district court to approve a *cy pres* distribution is whether there is an "appropriate nexus" between the recipient and the class members. *See Fraley v. Batman*, 638 F. App'x 594, 597 (9th Cir. 2016). There is a substantial nexus between Class Members and the NFCC, an organization that focuses its efforts upon nationwide counseling on debt and financial literacy. *See* http://www.nfcc.org/about-us/. The NFCC has been approved by the United States Department of Housing and Urban Development as a provider of credit counseling services. *Id.* The *cy pres* distribution means that in no event shall any remaining funds return to Rushmore.

## VII.   THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES.

For all of the same reasons the Court preliminarily certified the Settlement Class, none of which have changed, the Court should now grant final certification. The Settlement Class is sufficiently numerous, including over one hundred thousand consumers. There are common issues concerning the issues related to Rushmore's practices and policies that predominate over individual issues. Ms. Fernandez is typical of the Class because all her claims and the class claims against Rushmore arise from the same course of conduct: charging borrowers Convenience Fees when making their monthly mortgage payments. Ms. Fernandez has no conflicts with the Class, participated in this action, and is adequate. Class Counsel are experienced and adequate. Finally, class treatment is superior because the Parties agreed to certification of the Settlement Class (Settlement Agreement § 6.1), the Court conditionally certified it, and the Court should now certify it at final approval.

## VIII.  UPDATE ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD.

Ms. Fernandez's Motion was filed on January 11, 2022 and separately addressed the amount of attorneys' fees, litigation expense reimbursement and service award. ECF No. 36. In addition to the description of the anticipated motion in the Long Form Notice, a copy of the Motion was immediately provided on the Settlement Website for Class Members to review. No Class Member has objected to the requested attorneys' fees, expense reimbursement, or service award.

Applying the relevant factors and as stated in Ms. Fernandez's Motion, the Court should award the requested attorneys' fees, reimbursement of litigation expenses, and service award, which are commensurate with other approvals of similar requests in class actions before this district court. *See Grumman II,* 2020 WL 5668935, at *2, *9-12 (applying factors to award attorneys' fees of one-third of settlement fund, expense reimbursement, and a $25,000 service award for each of six named representatives).

## IX.  CONCLUSION

For the reasons stated herein, Ms. Fernandez respectfully requests that the Court (1) grant this Motion, (2) finally approve the proposed Settlement, (3) affirm the certification of the Settlement Class for settlement purposes only, (4) affirm the appointment of Phitsamay Fernandez as Class Representative, (5) affirm the appointment of Hassan A. Zavareei and Kristen G. Simplicio of Tycko & Zavareei LLP and James L. Kauffman of Bailey Glasser LLP as Class Counsel, (6) retain jurisdiction over this matter to resolve issues related to interpretation, administration, implementation, effectuation, and enforcement of the Settlement, and (7) enter Final Judgment dismissing this action. By the separate motion filed on January 11, 2022, Ms. Fernandez also requests that the Court grant a service award of $5,000 to her as class representative and award Class Counsel reasonable attorneys' fees of $548,613.33 and reimbursement of litigation expenses of $10,689.20 which, as set forth in the Settlement, shall be paid out of the Settlement Fund.

1    Dated: February 4, 2022                    Respectfully submitted,

2

3                                               /s/ Kristen G. Simplicio
                                                Kristen G. Simplicio (SBN 263291)
4                                               Hassan A. Zavareei (SBN 181547)
                                                TYCKO & ZAVAREEI LLP
5                                               1828 L Street NW, Suite 1000
                                                Washington, D.C. 20036
6                                               202-973-0900 (p)
                                                202-973-0950 (f)
7                                               ksimplicio@tzlegal.com
                                                hzavareei@tzlegal.com
8                                               Annick M. Persinger (SBN 272996)
                                                TYCKO & ZAVAREEI LLP
9                                               1970 Broadway, Suite 1070
                                                Oakland, CA 94612
10                                              510-254-6808 (p)
                                                202-973-0950 (f)
11                                              apersinger@tzlegal.com

12                                              James L. Kauffman (*pro hac vice*)
                                                BAILEY GLASSER LLP
13                                              1055 Thomas Jefferson Street NW,
                                                Suite 540
14                                              Washington, D.C. 20007
                                                202-463-2101 (p)
15                                              202-463-2103 (j)
                                                jkauffman@baileyglasser.com
16
                                                Counsel for Plaintiff and the Proposed
17                                              Class

18

19

20

21

22

23

24

25

26

27