# United States District Court
# Central District of California

| | |
|---|---|
| PHITSAMAY FERNANDEZ, on behalf of herself and all other similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC,<br><br>　　　　　　　　　Defendant. | Case No. 8:21-cv-00621-DOC-(KESx)<br><br>**ORDER GRANTING FINAL APPROVAL** |

## I.　INTRODUCTION

Plaintiff Phitsamay Fernandez brought this putative class action suit against Defendant Rushmore Loan Management Services LLC ("Rushmore") on behalf of a class of mortgagees, alleging that Rushmore charged borrowers convenience fees when they made mortgage payments over the phone ("Convenience Fees"). Plaintiff alleged that these fees violated the federal Fair Debt Collection Practices Act ("FDCPA"), state debt collection laws (for example, California's Rosenthal Fair Debt Collection Practices Act), and California's Unfair Competition Law ("UCL"), and breached contracts with the borrowers. (*See* Second Am. Compl., ECF No. 24.)

The Parties reached a Settlement on behalf of the Class, and the Court preliminarily approved the Settlement and certified the Class. (Order Granting Prelim. Approval, ECF No. 31.) The Parties now seek final approval of the Class Settlement. (Mot. for Final Approval, ECF No. 38.) For the reasons discussed below, the Court overrules any objections and **GRANTS** the Motion for Final Approval of Class Settlement.

## II.   BACKGROUND

Plaintiff Fernandez filed this lawsuit on January 30, 2020, on behalf of borrowers throughout the United States, including California, whose mortgage loans are serviced by Rushmore. (Second Am. Compl., ¶¶ 1, 5, 72.) Plaintiff alleges that Rushmore charged her and the members of the Class she seeks to represent Convenience Fees when they made mortgage payments over the phone (through a live agent or interactive voice response ("IVR")). (*Id.* at ¶¶ 1-3.) Plaintiff alleges that Rushmore's conduct breached the Class Members' mortgage agreements and violated the FDCPA, state debt collection laws, and the UCL. (*Id.* at ¶¶ 83-112.)

## III.   SETTLEMENT TERMS

The key provisions of the Parties' Settlement Agreement are set forth below.

### A.   Proposed Class

On October 28, 2021, the Court preliminarily approved the settlement and certified the following Class: "All borrowers with a mortgage loan serviced by Rushmore from whom Rushmore collected a Convenience Fee during the period of January 1, 2013 through September 19, 2021." (*See* Order Granting Prelim. Approval, ECF No. 31.)

The Court also appointed Plaintiff Fernandez as the class representative and her counsel as Class Counsel.

### B.   Settlement Fund

In full settlement of the claims asserted in this lawsuit, Rushmore agrees to pay $1,645,840 (the "Settlement Fund"). (Settlement Agreement, § 3.2.) The

Settlement Fund includes all shares of Class Members who did not request exclusion ("Settlement Class Members"), as well as the costs of notice and administration, any service award to the class representative, and any award of attorneys' fees and expenses. (*Id.*)

Every Settlement Class Member will automatically receive a share of the Settlement Fund determined according to the proportional amount of Convenience Fees charged to that Class Member by Rushmore within the class period. (*Id.* at § 5.3.) Payments to Settlement Class Members shall be made per loan, such that the settlement payment on any loan with more than one Settlement Class Member borrower shall be made payable jointly to all Settlement Class Member borrowers on that loan. (*Id.* at § 5.4.) Thus, for each loan for which more than one borrower on that loan is a Settlement Class Member, the Settlement Administrator shall make a single allocation to that loan payable to all co-borrower or joint borrower Settlement Class Members on that loan. (*Id.*) Payments will be made by check, or by certain digital payment methods at the election of Settlement Class Members. (*Id.* at § 5.8.)

If there is any amount in the Settlement Fund that remains following the distribution of payments to Settlement Class Members, the notice and administrative costs, any service award to the class representative, and any award of attorneys' fees and expenses, then upon approval by the Court, pursuant to the *cy pres* doctrine, the remaining amount shall be paid to a 501(c)(3) charitable organization. (*Id.*) The Parties have selected the National Foundation for Credit Counseling as the *cy pres* recipient, an organization that focuses its efforts upon nationwide counseling on debt and financial literacy, and therefore has an appropriate nexus to the Class Members.

### C. Releases

The Settlement Agreement provides that all Class Members other than those who opted out will release Rushmore (and its parents, subsidiaries, affiliates,

vendors, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, vendors, agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former, or future officers, directors, shareholders, employees, representatives, consultants, accountants, and attorneys) from:

> all actions, causes of action, claims, demands, obligations, or liabilities of any and every kind that were or could have been asserted in any form by Class Representative or Settlement Class Members, including but not limited to, statutory or regulatory violations, state or federal debt collection claims (including but not limited to violations of the Fair Debt Collection Practices Act and the California Rosenthal Act), unfair, abusive or deceptive act or practice claims, tort, contract, or other common law claims, or violations of any other related or comparable federal, state, or local law, statute or regulation, and any damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory penalties, attorneys' fees, costs) proximately caused thereby or attributable thereto, directly or indirectly, and any equitable, declaratory, injunctive, or any other form of relief arising thereunder, whether or not currently known, arising out of, based upon or related in any way to the collection or attempted collection of Convenience Fees.

(*Id.* at § 7.1.) Further, the Settlement Agreement provides that Settlement Class Members waive and relinquish the rights and benefits of California Civil Code section 1542 and similar provisions that may be applicable to Class Members residing outside of California. (*Id.* at § 7.2.)

### D. Notice and Response

Notice was sent to potential Class Members pursuant to the Settlement Agreement and the method approved by the Court. The Class Notice adequately describes the litigation and the scope of the involved Class. Further, the Class Notice explained the amount of the Settlement Fund, the plan of allocation, that Plaintiff's counsel and Plaintiff will apply for attorneys' fees, costs, and a service award, and the Class Members' option to participate, opt out, or object to the Settlement. The Class Notice consisted of direct notice via USPS, as well as a Settlement Website where Class Members could view the Long Form Notice.

The Parties now seek final approval of the class action Settlement. Plaintiff also seeks: attorneys' fees of one-third (33.33%) of the Common Fund, $548,613.33; reimbursement of costs totaling $10,689.20; and a service award of $5,000.00.

## IV. ANALYSIS

### A. Class Certification

The Court previously found that the Class merited certification for settlement purposes, and nothing has changed since the Court conditionally certified the Class. Accordingly, the Court maintains its approval.

### B. Fairness of Settlement Terms

The Court previously found that the Settlement was fair, adequate, and reasonable in its preliminary approval order. Plaintiff Fernandez and her counsel adequately represented the Class, and the proposed Settlement was negotiated at arm's length. The requirements of Rule 23(e)(2) are met.

In evaluating the Settlement's fairness, this Court may consider some or all of the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (citations omitted). The Settlement is appropriate when analyzing these factors.

#### 1. Strengths of Plaintiff's Case

Rushmore denies liability in this case. Plaintiff appears to be settling disputed claims, which favors approving the Settlement. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to

lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRCTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

### 2. Risk/Expense of Litigation & Status of Proceedings

Without settlement, the cost of continuing to litigate this class action would be great because of discovery and motion practice. This factor weighs in favor of approving the Settlement.

### 3. Risk of Maintaining Class Action Status

Plaintiff sets forth her belief that if the case proceeded, Rushmore would likely assert that individualized issues preclude certification. This factor weighs in favor of approving the Settlement.

### 4. Amount of Settlement

The Settlement Agreement provides for a Settlement Fund of $1,645,840. The Settlement Fund is within the acceptable range of recovery.

### 5. Experience and Views of Class Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted). Class Counsel has experience in class-action litigation and has endorsed the Settlement as fair, reasonable, and adequate. This factor favors final approval.

### 6. Presence of Government Participant

There is no government participant in this case, so this factor is neutral.

### 7. Reaction of Class Members

There were no objections to the Settlement Agreement, and to the extent there were objections, they are overruled. This factor weighs in favor of granting final approval. *See In re Omnivision*, 559 F. Supp. 2d at 1043.

On balance, these factors weigh in favor of approving the Settlement.

### C.   Conclusion as to Final Approval of the Settlement.

Having considered the above factors, the Court finds that the proposed Settlement is fair, reasonable, and adequate. Accordingly, the Court **GRANTS** the Motion for Final Approval of Class Action Settlement.

## V.   MOTION FOR FEES, COSTS, AND SERVICE AWARD

### A.   Attorneys' Fees

The Court may use the percentage-of-the-fund method to determine a reasonable attorney fee. *Stranger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016). Although the Ninth Circuit has established 25% as the benchmark attorney fee in common fund cases, that benchmark is "a starting point for analysis" because it "may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). The factors that inform the Court whether to adjust the benchmark percentage include: "(1) the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience; (4) the skill of counsel; (5) the complexities of the issues; (6) the risks on non-payment assumed by counsel; (7) the reaction of the class; and (8) comparison with counsel's lodestar." *In re Grumman Corp. ERISA Litig.*, No. 06-cv-6213, 2017 WL 9614818, at *2 (C.D. Cal. Oct. 24, 2017) ("*Grumman*") (citing *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973-74 (N.D. Cal. 2001), among others). A one-third percentage has been applied to the gross settlement amount to calculate the fee award. *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000); *Grumman*, 2017 WL 9614818, at *6; *Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-cv-474-DAD, 2017 WL 749018, at *8 (C.D. Cal. Feb. 24, 2017).

#### *1.   The Results Obtained for the Class*

Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("the most critical factor is the degree of success obtained"); *In re Heritage Bond Litig.*, No. 02-ML-1475-DT, 2005 WL 1594403, at *19 (C.D. Cal. June 10,

2005) (a "significant factor"); *Deaver v. Compass Bank*, No. 13-cv-222, 2015 WL 8526982, at *11 (N.D. Cal. Dec. 11, 2015) ("the most critical factor").

The Court finds that the $1,645,580 Settlement Fund obtained by Class Counsel is an exceptional result for the Class. The Settlement Fund represents approximately 30% of the Class's claimed damages at trial. (ECF No. 36 at 8.) Moreover, the settlement recovery includes Rushmore's agreement to stop charging Convenience Fees to the Class and continue to stop charging Convenience Fees for at least two years after the entry of this Order. (*Id.*)

The Settlement Fund, as a percentage of recovery, is greater than recoveries in other cases where attorneys' fees of one third of the common fund were awarded. *See Emmons*, 2017 WL 749018, at *5 ($2.35 million settlement; 27.6% of claimed damages of $8.5 million); *Cheng Jiangchen v. Rentech, Inc.*, No. 17-cv-1490-GW, 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019) ($2.05 million settlement; 10% of maximum damages of $20 million); *Deaver*, 2015 WL 8526982, at *7 ($500,000 settlement; 14.2% of $3,512,000 in "potential liability"); *see also In re Med. X-Ray Film Antitrust Litig.*, No. 93-cv-5904, 1998 WL 661515, at *7–8 (E.D.N.Y. Aug. 7, 1998) (settlement of 17% of claimed damages); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320, 326 (E.D.N.Y. 1993) (settlement of 10% of claimed damages); *In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 431, 434 (E.D. Pa. 2001) (settlement of 15% of damages); *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 489-90 (E.D. Pa. 2003) (settlement of 15% of the maximum recovery).

Accordingly, the Court concludes that the exceptional result achieved in this action justifies an attorney fee award of one-third of the Settlement Fund.

### 2. The Effort Expended by Counsel

Settlement was reached by the Parties at a relatively early stage of the litigation and the effort expended by Class Counsel corresponds to the effort necessary to achieve the result for the Class. Accordingly, the Court concludes that

the effort expended by Class Counsel justifies an attorney fee award of one-third of the Settlement Fund.

### 3. *Counsel's Experience*

The Court finds that Class Counsel has extensive experience in both consumer class actions and specifically, class actions involving Convenience Fees. (ECF Nos. 36-2, 36-3, 36-4, 36-5). Accordingly, the Court concludes that Class Counsel's extensive experience justifies an attorney fee award of one-third of the Settlement Fund.

### 4. *The Skill of Counsel*

The Court finds that Class Counsel has demonstrated skill in litigating this case to achieve the result for the Class. Accordingly, the Court concludes that Class Counsel's skill justifies an attorney fee award of one-third of the Settlement Fund.

### 5. *The Complexities of the Issues*

This case involved complex issues arising from the various debt-collection statutes, as demonstrated by a number of different Circuit Court appeals that are or have considered appeals from the dismissal of claims involving the same type of Convenience Fees at issue here, including one in the Ninth Circuit. *See Thomas-Lawson, et al. v. Carrington Mortg. Svcs., LLC*, Case No. 21-55459 (9th Cir., pending); *Alexander, et al. v. Carrington Mortg. Svcs., LLC*, -- F.3d --, 2022 WL 164018 (4th Cir. Jan. 19, 2022) (reversing dismissal by district court). Accordingly, the Court concludes that the complexities of the issues in this case justify an attorney fee award of one-third of the Settlement Fund.

### 6. *The Risk of Non-Payment Assumed by Counsel*

The risks assumed by Class Counsel, "particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award." *Grumman*, 2017 WL 9614818, at *4. These risks must be considered. *Vizcaino*, 290 F.3d at 1048. The risk of non-payment after years of litigation "weighs substantially in favor" of a one-third fee. *Campbell v. Best Buy Stores, L.P.*, No. 12-cv-7794-

JAK, 2016 WL 6662719, at *8 (C.D. Cal. Apr. 5, 2016); *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) ("where recovery is uncertain, an award of one-third of the common fund as attorneys' fees has been found to be appropriate").

The Court finds that Class Counsel assumed significant financial risk by litigating this action in both the state court and in this Court over a period of several years. Class Counsel represented Plaintiff on a purely contingent basis and invested both their time and the time of their staff with no guarantee that they would be compensated. Accordingly, the Court concludes that the risk of non-payment assumed by Class Counsel justifies an attorney fee award of one-third of the Settlement Fund.

### 7. *The Reaction of the Class*

"The presence or absence of objections from the class is also a factor in determining the proper fee award." *Grumman*, 2017 WL 9614818, at *5 (citations omitted). The Court finds that the notice to the Class was adequate and included a discussion of the one-third attorney's fee requested by Class Counsel. No Class Member has objected to the requested one-third attorney's fee. Accordingly, the Court concludes that the reaction of the Class justifies an attorney fee award of one-third of the Settlement Fund.

### 8. *Comparison with Counsel's Lodestar*

Class Counsel's lodestar may be used as a "cross-check to assess the reasonableness of the percentage award." Class Counsel submitted evidence that their lodestar through December 31, 2021 (about two weeks before the date of their fee application) was $297,351.20. They estimate that work performed to complete the briefing and prepare for the February 14, 2022 fairness hearing and overseeing the work of the Settlement Administrator may result in a lodestar of $352,351.20 at the time the matter is complete. Class Counsel's requested fee award would reflect a fee multiplier of 1.56, which is appropriate given the risk undertaken, the early

and efficient resolution, and the results obtained here. *See, e.g.*, *Vizcaino*, 290 F.2d at 1051-52 (approving a 3.65 multiplier and citing multipliers as high as 19.6); *Rodriguez v. Marshalls of CA, LLC*, No. EDCV181716MWFSPX, 2020 WL 7753300, at *10 (C.D. Cal. July 31, 2020) (granting a 1.50 multiplier and noting that the majority of fee awards are 1.5 to 3 times higher than lodestar). Accordingly, the Court concludes that a comparison with Class Counsel's lodestar justifies an attorney fee award of one-third of the Settlement Fund.

**B.     Reimbursement of Litigation Expenses**

Class Counsel are entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters.); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, Class Counsel seeks reimbursement of $10,689.20 in litigation expenses, which includes the cost of a private mediator. They have provided records that document their claim. *See* ECF No. 36-2 ¶¶ 34; ECF No. 36-3; ECF No. 36-4 ¶ 22. Accordingly, the Court finds that these submissions support an award of $10,689.20 for Class Counsel's reimbursement of litigation expenses.

**C.     Class Representative's Service Award**

It is well established that the Court may grant incentive awards to class representatives, "both as an inducement to participate in the suit and as compensation for time spent in litigation activities." *Grumman*, 2017 WL 9614818, at *7 (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000)). These awards are "fairly typical in class actions." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). A class representative service award of $5,000 is consistent with reasonable and just service awards in the Ninth

Circuit. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463 (upholding award to named plaintiff $5,000 in case with $1.725 million total recovery); *Willner v. Manpower Inc.*, No. 11-CV-02846-JST, 2015 WL 3863625, at *8 (N.D. Cal. June 22, 2015) ("Many courts in the Ninth Circuit have also held that a $5,000 incentive award is "presumptively reasonable." (citations omitted)). Accordingly, the Court finds that class representative's requested service award of $5,000 is reasonable.

## VI.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Final Approval of Class Settlement (ECF No. 38; and **GRANTS** the Motion for Attorneys' Fees, Costs, and Service Award (ECF No. 36).

**IT IS SO ORDERED.**

Dated: February 14, 2022

*David O. Carter*
**HON. DAVID O. CARTER**
**UNITED STATES DISTRICT JUDGE**